UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SETH THOMAS STEFFEY,

      Plaintiff,

                                   Case No. 25-cv-13689

v.                             Honorable Linda V. Parker

NINA BLANCHE NEWPORT and
ROOT PROPERTY AND CASUALTY
INSURANCE COMPANY,

      Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT ROOT PROPERTY AND CASUALTY INSURANCE COMPANY'S MOTON TO STAY

This case arises from a motor vehicle accident on June 8, 2025, when a vehicle driven by Nina Blanche Newport allegedly struck a motorcycle operated by Seth Thomas Steffey.  On or about July 16, 2025, Steffey filed a Complaint against Newport in the Circuit Court for Genessee County, Michigan, alleging negligence. (*See* ECF No. 1.)  Newport removed the action to federal court based on diversity jurisdiction on November 19, 2025, as she is a citizen of Georgia, Steffey is a citizen of Michigan, and Steffey alleges damages suggesting that the amount in controversy exceeds $75,000.  (*Id.*)

The Court held a scheduling conference pursuant to Federal Rule of Civil Procedure 26 on January 8, 2026; however, because Steffey indicated that he

wished to file an amended complaint adding Newport's insurer to the action, the Court delayed entering a scheduling order.  (*See* 1/8/26 Text-Only Entry.)  Steffey filed an Amended Complaint on January 15, adding Root Insurance and Casualty Insurance Company ("Root") as a defendant.  (ECF No. 8.)  In the Amended Complaint, Steffey alleges negligence against Newport (Count I) and seeks a declaratory judgment as to Root's duty to provide coverage and defend and indemnify Blanche pursuant to her insurance policy ("Policy") (Count II).  (*Id.*)  Blanche and Root each filed an Answer to the Amended Complaint.  (ECF Nos. 10, 12.)

As such, the case is now ready for a Rule 26 scheduling conference. However, Root has moved to stay the matter pending the Michigan Court of Appeals' resolution of *Smith v. Brown*, No. 375832, a case addressing an issue relevant to the pending matter:  Whether Michigan law, specifically Michigan Compiled Laws § 500.3009(1), applies to out-of-state insurers through a contractual out-of-state coverage provision.  (ECF No. 14.)  Steffey opposes the motion.  (ECF No. 15.)

The decision to stay lies in the court's discretion.  *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Ohio Env't. Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)).  The court "must weigh competing interests" when exercising its judgment.  *Landis v.*

*N. Am. Co.*, 299 U.S. 248, 254-255 (1936).  The party seeking the stay must demonstrate a "pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order."  *Petlechkov v. Stengel*, No. 24-5483, 2025 WL 2046329, at *2 (6th Cir. July 18, 2025) (quoting *Ohio Env't Council*, 565 F.2d at 396).  The "court must also consider whether granting the stay will further the interest in economical use of judicial time and resources."  *E.M.A. Nationwide*, 767 F.3d at 628 (quotation marks and citation omitted).  When the request for a stay is based on another case's resolution, courts consider "the potential dispositive effect of the other case, judicial economy achieved by awaiting adjudication of the other case, the public welfare, and the relative hardships to the parties created by withholding judgment."  *Caspar v. Snyder*, 77 F. Supp. 3d 616, 644 (E.D. Mich. 2015) (citations omitted).

The relevant considerations do not support a stay in this matter at this time. The Michigan Court of Appeals' decision in *Smith* is not necessarily imminent— the parties stipulated to an extension of briefing on March 5, 2026—and it is likely that when a decision issues, the losing party will seek review in the Michigan Supreme Court.

Resolution of *Smith* also is not dispositive of Steffey's negligence claim against Newport.  Discovery will need to proceed with respect to that claim, regardless of how the Michigan Court of Appeals or Michigan Supreme Court

resolves *Smith*. Discovery in the present action will likely focus on Steffey's

negligence claim, as Root's liability seems to fall primarily on an interpretation of

the insurance policy and the application of Michigan law to the policy. Even if

other issues require factual exploration, *Smith* has no bearing on those issues. In

other words, the disposition in *Smith* has no bearing on Root's general obligation

to defend or indemnify Newport. By the time the Court is tasked with resolving

the legal issues relevant to Steffey's request for declaratory relief against Root,

*Smith* will hopefully be adjudicated.

Accordingly,

**IT IS ORDERED** that Defendant Root Insurance and Casualty Insurance

Company's motion to stay (ECF No. 14) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 9, 2026

4